**BALATON, INCORPORATED,**
**Plaintiff,**

v.

**Janet RENO, et al., Defendants.**

**No. 99 CV 1184 (RWR/JMF).**

United States District Court,
District of Columbia.

April 11, 2000.

Samuel G. McTyre, Ketchie, McTyre & Owen, Arlington, VA, for Plaintiff.

Mark E. Nagle, Alexander Daniel Shoaibi, U.S. Attorney's Office, Washington, DC, for Defendants.

### MEMORANDUM ORDER

FACCIOLA, United States Magistrate Judge.

This is an action by Balaton, Incorporated and Ignacio Luis Rivera seeking judicial review of an order of the Administrative Appeals Unit of the United States Immigration and Naturalization Service ("AAU"), which affirmed a decision by the Vermont Service Center denying plaintiffs' petition for an extension to an intra-company transferee visa for Balaton, Incorporated's chief executive officer, plaintiff Ignacio Rivera.

The defendants have moved for summary judgment and filed the administrative record. Plaintiffs seek to compel discovery but the defendants have moved that discovery be stayed pending resolution of their motion for summary judgment. Resisting such a stay, plaintiffs insist they need discovery. They first claim they need discovery because there are genuine issues of material fact dividing the parties. *Reply to Defendants' Opposition to Plaintiffs' Motion to Compel Discovery* at 3. They also seek discovery to "support their contention that defendants, through the service centers and the AAU, have continuously pursued an unlawful, systemic poli-

cy to deny L–1 visa extensions to small business petitioners." *Id.* at 2–3. Hence, plaintiffs want discovery to see if they can convert this action into a class action.

■ In thus framing their demand for discovery plaintiffs misapprehend the nature of an action for judicial review of an agency decision. It is fundamental that judicial review of an agency decision is not *de novo.* Once the administrative record is filed, it becomes in the ordinary case the sole basis for the court's ultimate decision. *Commercial Drapery Contractors, Inc. v. United States,* 133 F.3d 1, 7 (D.C.Cir. 1998). If the agency has resolved disputed facts in favor of the government's position, the only issue thus presented is whether its resolution was based on substantial evidence, viewing that administrative record as a whole. 5 U.S.C.A. § 706 (1996). Hence, there will be no trial in this case of any disputed facts and absolutely no warrant for any discovery premised on any need to discover additional facts not already in the administrative record..

■ The administrative record may be supplemented, and discovery permitted, only if there has been a strong showing of agency bad faith or improper behavior or if the administrative record is so bare that it prevents effective judicial review. *Id. citing Citizens to Preserve Overton Park, Inc. v. Volpe,* 401 U.S. 402, 420, 91 S.Ct. 814, 28 L.Ed.2d 136 (1971). *See Community for Creative Non–Violence v. Lujan,* 908 F.2d 992, 997–998 (D.C.Cir.1990). Plaintiffs make no complaint that the administrative record is insufficient and do not assert any "bad faith" as those words have been defined in the controlling cases. *Commercial Drapery Contractors, Inc. v. United States,* 133 F.3d at 7 (claim that agency barred company from attending trade show and said "bad things" about it to customers insufficient to show "bad faith."); *James Madison Limited v. Ludwig,* 82 F.3d 1085, 1095 (D.C.Cir.1996) (conclusory assertion that bank examiners had a predetermined agenda insufficient to establish bad faith) *citing Citizens to Pre-*

*serve Overton Park v. Volpe,* 401 U.S. at 420, 91 S.Ct. 814, *cert. denied,* 519 U.S. 1077, 117 S.Ct. 737, 136 L.Ed.2d 676 (1997); *Saratoga Development Corp. v. United States,* 21 F.3d 445, 458 (D.C.Cir. 1994) ("Saratoga simply has not made the 'strong showing' of corrupt decision making necessary to justify court-sanctioned probing of the administrative process."). The most that plaintiffs claim—that the AAU rubber stamps decisions by the Service Centers—hardly makes out a show of the kind of devious or corrupt behavior that could qualify as "bad faith."

■ Nor is there any merit to plaintiffs' assertion that they should have discovery to ascertain whether this action could be plead as a class action. The rules of this Court require that there be specific allegations in the complaint commencing a class action "justifying such claim." LCvR 23.1(a). The plaintiff class must then move for certification. LCvR 23.1(b). Unless and until that certification occurs, a class action, and the discovery attending it, cannot take place. Plaintiffs cannot evade those rules by filing an individual action and then demanding the government provide them discovery as to a class of persons. Potential claims by a class of which plaintiffs are members cannot possibly have anything to do with the individual action that has been pled because plaintiffs cannot assert anyone's rights besides their own. Finally, it nearly goes without saying that, except for a Freedom of Information Act lawsuit, one lawsuit cannot be brought to get information for a second lawsuit.

It is therefore, hereby, **ORDERED** that the defendants' *Request for a Stay of Discovery* [22] is **GRANTED** and that all discovery is stayed pending further order of this Court. It is further, hereby,

**ORDERED** that plaintiffs' Motion for an Order to Compel Discovery [16] is **DENIED.**